GEORGE SMURRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent HELEN SMURRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smurra v. Commissioner
Docket No. 6983-70
Docket No. 6984-70
United States Tax Court
T.C. Memo 1973-246; 1973 Tax Ct. Memo LEXIS 42; 32 T.C.M. (CCH) 1156; T.C.M. (RIA) 73246; November 5, 1973, Filed David M. Markowitz, for the petitioners. H. Stephen Kesselman, for the respondent. STERRETT, MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In these consolidated cases the Commissioner determined deficiencies in the petitioners' Federal income tax and additions thereto as follows: Additions to Tax Petitioner
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) George Smurra
1960
$292.00
$73.00
$14.60
George Smurra
1961
332.00
83.00
16.60
George Smurra
1962
337.00
84.25
16.85
Helen Smurra
1960
909.82
227.46
45.49
Helen Smurra
1961
377.00
94.25
18.85
Helen Smurra
1962
457.00
114.25
22.85
At the close of the trial of these cases, this Court granted respondent's motion to increase the proposed 2 deficiencies in Docket No. *43 6983-70 as follows: Increase in Additions to tax Petitioner
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) George Smurra
1960
$620.99
$155.25
$31.05
George Smurra
1961
253.00
63.25
12.65
George Smurra
1962
337.00
84.25
16.85
The issues presented for our determination are as follows: (1) Whether George Smurra had unreported taxable income in the amounts of $4,280.72, $3,836.45 and $4,290.69 for the taxable years 1960, 1961 and 1962, respectively. (2) Whether Helen Smurra had unreported taxable income in the amounts of $5,368.52, $2,764.71 and $3,192.01 for the taxable years 1960, 1961 and 1962, respectively. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners George Smurra (hereinafter referred to as George) and Helen Smurra (hereinafter referred to as Helen) are husband and wife. George and Helen, during the years in issue and at the time of the filing of their separate *44 petitions herein, resided at Hollywood, Florida. 3 For the calendar years 1960, 1961 and 1962 no income tax returns were filed by either of the petitioners. Helen maintained a checking account at the Bank of Hollywood, Hollywood, Florida. Helen made deposits as follows: Year
Total Deposits 1960
$1,905.00
1961
1,600.00
1962
1,665.00
During the years 1960 through 1962, Tucker Bros., Inc., Jacksonville, Florida, held a mortgage loan from Helen on the property where the couple resided. Payments made on the mortgage totaled $790.40, $780.80 and $784.70 for the years 1960, 1961 and 1962, respectively. The Florida Power & Light Co. provided services for the petitioners' home. The company was paid for such services in the amounts of $240.00, $247.53 and $351.71 for the years 1960, 1961 and 1962, respectively. In 1960 George paid Mack Industries, Inc., Hollywood, Florida, $595.85 for services rendered. Also in 1960 a sewer lien in the amount of $252.32 in favor of the City of Hollywood, Florida, for the property held in the names of George and Helen was satisfied through payment. On March 7, 1961, George purchased a 1961 Rambler sedan from the *45 Municipal Auto Sales, Miami, Florida, and a lien was recorded upon that automobile by Universal CIT, 4 Miami, Florida, to secure a debt of $1,868.22 owed by George. During 1961 and 1962 Helen made payments through her checking account on the automobile debt in the amounts of $934.11 and $830.32, respectively. During 1961 and 1962 George had an insurance policy on the 1961 Rambler automobile with the Sorin Insurance Agency, Hollywood, Florida. During these respective years, George paid premiums of $145.63 and $164.57. Throughout the years in issue George frequently gambled in "crap" games. OPINION We must decide whether either or both of the petitioners had unreported taxable income for the calendar years 1960, 1961 and 1962. The respondent has reconstructed the income of the petitioners through use of the bank deposits - cash expenditures method. See Granat's Estate v. Commissioner, 298 F.2d 397 (C.A. 2, 1962), affirming per curiam a memorandum decision of this Court. Petitioners have not put in issue the amount of deposits or of expenditures for any of the years here involved. Rather they have limited their defense to a claim that the source for *46 the deposits and expenditures was from nontaxable gifts. Thus we accept respondent's computation of these deposits and expenditures and will consider only the nature of the source of said funds. 5 George's testimony has not convinced us that his receipts were from nontaxable sources. George testified that he has not worked since 1950 as a result of diabetes and a heart condition. His money came from two sources, either Helen's mother or other relatives. Helen's mother lived in the couple's home and needed constant attention. In return she often gave George money to use for family expenses. Knowing that George's mother-in-law was living with him and also knowing George's health problems caused many of his relatives to send cash, through the mails, to provide additional aid. Helen and George both testified that she received money directly from George and no other source. We find George's story to be totally lacking in credibility. The petitioners were the only witnesses on their behalf. George made no effort to show any proof of a medical disability. In fact he stated that the only medical assistance he sought was from a chiropractor who also happened to be his brother-in-law. *47 Moreover, George made no attempt to offer the testimony of any of his relatives, even though most lived in the New York City vicinity and the trial in the instant case took place there. We may therefore assume that such testimony would have been unfavorable. Hans P. Kraus, et al, 59 T.C. 681 (1973), on appeal 6 (C.A. 2, May, 1973); Joseph F. Giddio, 54 T.C. 1530 (1970). As a result we give no weight to George's testimony. Joseph F. Giddio, supra, at 1534. The respondent has the burden of proof in respect of the increased deficiencies made at the time of the trial. Section 6214(a), Donald C. MacDonald, 55 T.C. 840, 859 (1971), Rule 32, Tax Court Rules of Practice. We have already noted that the amounts of bank deposits and cash expenditures have not been disputed by George. Moreover, in admitting that he had a current source of funds, George committed himself to the explanation that such funds came in the form of gifts from relatives. We have rejected George's testimony on this score. Cf. United States v. Massei, 355 U.S. 595 (1958); Gatling v. Commissioner, 286 F.2d 139 (C.A. 4, 1961), affirming *48 a memorandum decision of this Court. Respondent has also shown George's gambling activities to be a "likely source" of petitioners' income during the years in issue. Holland v. United States, 348 U.S. 121 (1954); Armes v. Commissioner, 448 F.2d 972 (C.A. 5, 1971), reversing and remanding in part a memorandum decision of this Court. We therefore hold that George Smurra had unreported taxable income of $4,280.72, $3,836.45 and $4,290.69 for the taxable years 1960, 1961, and 1962, respectively. 7 Helen testified that she received all her income from her husband. George corroborated this. Moreover many of the cash expenditures attributed to Helen have been more appropriately considered to represent taxable income of George. We therefore hold that Helen had no taxable income during 1960, 1961 or 1962. George has made no argument to avoid the application of the additions to tax asserted by the respondent. Accordingly, they are proper. Decision will be entered for respondent in Docket No. 6983-70. Decision will be entered for petitioner in Docket No. 6984-70. Footnotes
1. If such deficiencies are found, the petitioners have conceded the additions to tax are proper. ↩